UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE CANTEY,

            Plaintiff

   -vs-

State of New York Department of
Correctional Services, Wyoming
Correctional Facility, Dr. Shiekh,
and Greg Mohring of WCF medical staff,
Cheryl Sullivan, Mr. Shaw and Mrs.
Wheeler, all officers at WCF,

            Defendants

**JURY TRIAL DEMANDED**

12 CV 0342 4

**COMPLAINT FOR
VIOLATION OF CONSTITUTIONAL
AND DUE PROCESS RIGHTS AND
VIOLATION OF FEDERAL HIPPAA
LAW AND PROVISIONS AS WELL
AS CIVIL RIGHTS VIOLATIONS**

---

VERIFIED COMPLAINT

Plaintiff, ANDRE CANTEY, alleges as follows:

1.   This COMPLAINT is filed for violation of Plaintiff's Due Process and Constitutional Rights as well as the flagrant disregard and violation of HIPPAA Law and its Provisions by the defendants and the institutions which they answer to and represent.  Plaintiff was an inmate at Wyoming Correctional Facility from 16 July, 2010 until 10 December, 2010 under a court mandated CASAT program, where Plaintiff contracted the disease of MRSA, on or about 3 October, 2010.  Therefore, under Constitutional Laws, Plaintiff is entitled to safe living conditions while detained during the CASAT program and to be afforded a safe environment from harm or threats for life and safety.

2.   Plaintiff was in custody of New York Correctional Services at the Wyoming Correctional Facility where he contracted the potentially deadly disease of MRSA, that is a bacterial infection that thrives in unsanitary conditions, which the J-2 dorm was during Plaintiff's detention.  Plaintiff had written grievances due to those unsanitary conditions.  Failure to provide clean facilities violated Plaintiff's

Eighth Amendment rights to be free from cruel and unusual punishment. This condition also violated Plaintiff's Civil Rights.

3.   Plaintiff's confidential medical information was disclosed during two meetings with the general inmate population by staff members of the Wyoming Correctional Facility in direct violation of HIPPAA Law and a Civil Rights violation as well as direct violations of the Fourth and Fourteenth Amendments of the U. S. Constitution as it was not related to a legitimate regulatory purpose, thereby, denying Plaintiff of Due Process that are necessary to justify such a significant deprivation of liberty, rights, and safety.  Plaintiff was intentionally and willfully put in immediate danger of bodily harm by other inmates to whom this privileged information was freely given unlawfully.

4.   After unlawful disclosure of private medical information to the general inmate population, Plaintiff received numerous threatening notes and letters.  Upon notifying the staff of WCF, Plaintiff was taken in shackles and handcuffs to the Special Housing Unit (SHU) used for disciplinary punishment for inmates who have violated rules or the Officers' orders or commands.  This unwarranted detention for a period of fifty days in solitary confinement was extremely harsh and cruel punishment in direct violation of the Fourth, Fourteenth, and Fifth Amendment of the U. S. Constitution, as well as Civil Rights violations and the HIPPAA Law.

## JURISDICTION AND VENUE

5.   This is a civil action seeking relief and damages to defend the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. @ 1983.  The Court has juris- diction over the action pursuant to 28 U.S.C. @@1331, 1343(3) and

(4), and 2201.  Venue is proper as these actions occured within the Western District of New York at the Wyoming Correctional Facility.

PARTIES

6.  Plaintiff is currently confined at the Rensselaer county jail 4000 main street troy,N.Y.12180                   Inmate number under this action was ID# 10-A-1516.  Current address is temporary while in transit.

7.  Defendant State of New York Correctional Services was responsible for rules, laws, enforcement, and safe custody of Plaintiff while incarcerated in a State Correctional Facility.

8.  Defendant Wyoming Correctional Facility was responsible for policies, administration, rules, enforcement, and safety of Plaintiff while in the direct custody of Defendant.

9.  Defendant, Dr. Shiekh was in charge of the medical staff at Wyoming Correctional Facility and was the treating physician and custodian of the private records of Plaintiff.

10.  Defendant, Greg Mohring, was in the nursing department in charge of treatment and safeguarding private, privileged and confidential medical records.

11.  Defendant, Cheryl Sullivan, was an employee and officer of Wyoming Correctional Facility staff with duties including safety and well-being of Plaintiff while housed in the J-2 unit.

12.  Defendant, Mr. Shaw, was an employee and officer of Wyoming Correctional Facility staff with duties including the safety and well-being of Plaintiff while housed in the J-2 unit.

13.  Defendant, Mrs. Wheeler, was an employee and officer of Wyoming Correctional Facility staff with duties including the safety and well-being of Plaintiff while housed in the J-2 unit.

-3-

PREVIOUS LAWSUITS

14.  There are no other actions or lawsuits in State or Federal Courts involving the same actions.

STATEMENT OF CLAIM

15.  This action is brought under U.S.C. 42 @ 1983, as well as other Constitutional and HIPPAA Law violations.  These violations listed are: Lack of Due Process, Equal Protection, Failure to Protect, Denial of Medical Treatment, Reckless Endangerment and others.

16.  Plaintiff was in the court-ordered Alcohol and Substance Abuse Treatment program at Wyoming Correctional Facility beginning 16 July, 2010 and contracted MRSA on approximately 3 October, 2010 due to unsanitary conditions in the facility.  Plaintiff went to the nurse and told Plaintiff it was a 'spider bite.'  He continued to complain and was referred to Dr. Shiekh.  The Dr. prescribed anti-biotics and bandages and sent Plaintiff back to the unit.  The nurse told Plaintiff he had MRSA, but the Dr. did not.  On the 18th of October, 2010, the Dr. finally gave the diagnosis to the Plaintiff of him having MRSA and sent Plaintiff back to the unit with bandages to cover the growing wound.

17.  On 18 October, Plaintiff went in private to the office of Mrs. Sullivan and explained why he would have to leave the CASAT meetings to change the bandages due to excessive bleeding and leaking puss. Mrs. Sullivan informed the Plaintiff not to attend the required meetings so that she could explain to the group about MRSA.  During those meetings Mrs. Sullivan told the group to avoid Plaintiff as the disease was contageous.  She also explained that she had called medical and gotten the diagnosis from the staff, as well as the Warden, the Superintendant, Deputy of Security, Mr.Shaw as director

-4-

of CASAT, Central Office of New York State Correctional Services to attempt to have Plaintiff removed from the unit.

18.   After this blatant, willful, intentional, and illegal act of disclosing extremely confidential and private medical information, as well as discussing it openly with other officers and parties, Plaintiff received numerous notes threatening him with bodily harm if he did not move from the unit. (see Exhibits)

19.   These illegal acts and actions occured on 19 October, 2010. Letters from other inmates were also received by the officer, who called the SeRgeanT, who then came and removed Plaintiff from the unit in handcuffs and shackle restraints, as if he were violating rules and was being punished and was taken to the SHU used for disciplinary solitary confinement.   This solitary confinement in the SHU rather than a medical infirmary was a denial of proper medical treatment.

20.   On 21 Ocotober, 2010, Plaintiff was moved to the infimary across the street in Attica for ten days, where proper medical treatment cleared up the problem of MRSA.   On 1 November, Plaintiff was moved back to solitary confinement in the SHU at Wyoming until transfer to present location on 10 December, 2010.

21.   At the time of being removed from the J-2 unit, Cheryl Sullivan apologized to Plaintiff and admitted that she knowingly broke the HIPPAA Law but had felt compelled to get him removed from the unit even knowing the way she did it was putting Plaintiff in harm's way. In addition, being placed in SHU after being removed from the unit in handcuffs, kept Plaintiff from receiving proper medical treatment for the disease contracted from the unsanitary conditions at Wyoming Correctional Facility.

22.   Plaintiff's confinement in solitary punishment facilities in the Shu was fifty-two (52) days with the exception of the ten days spent in solitary at the infirmary unit.

## EXHAUSTION OF REMEDIES

23.   Grievances were filed to several parties as follows:

| | | |
|---|---|---|
| 1. | 19 October | Wyoming Correctional Facility (WCF) |
| 2. | 31 October | WCF |
| 3. | 6 November | Commissioner, Central Office New York State Correctional Services |
| 4. | 7 November | Central Office, NYSCS |
| 5. | 8 November | WCF |
| 6. | 16 November | WCF |
| 7. | 16 November | WCF |
| 8. | 22 November | WCF |

There was either no answers or denials and cover-up by the Wyoming Correctional Facility staff.  The office at the Central Office (NYSCS) would not handle the complaint.  The reasons for filing the grievances was Constitutional violations and not proper medical treatment in addition to the HIPPAA Law violation isolation punishment in the SHU.

## VIOLATIONS

24.   State of New York Correctional Services failed to provide adquate guidance and training and to insure that policies and laws are adhered to in its State facilities.  It also erred in denying Plaintiff's "plea for help" and investigating the filed grievances.

Wyoming Correctional Facility failed in providing training and guidance in administering policies to abide by laws and regulations of its employees and officers.  Employees were permitted the denial of clearly wrong actions of its employees and facilitated in the cover-up of those actions.

Dr. Shiekh did not provide adequate medical attention to the life-threatening disease had caught at the WCF.  He gave minimal care and allowed Plaintiff to be left in solitary confinement rather

-6-

than being treated in a medical environment or infirmary.  Plaintiff suffered in pain needlessly in the SHU until eventually being moved to an infirmary where the disease was finally treated and arrested.

Greg Mohring as Nursing Admistrator, allowed the inadequate medical attention to be provided violated the HIPPAA Law by openly discussing confidential medical information with others without any authorization of Plaintiff.  He also did not prevent the cruel and unjust treatment of Plaintiff by allowing his solitary confinement in the SHU, rather than treatment sufficient to the disease.

Cheryl Sullivan was the officer in charge of the CASAT program in the unit.  She violated the HIPPAA Law and admitted to Plaintiff that she had openly discussed his confidential medical information with various parties and had willingly and intentionally violated the Law in informing all the other inmates during the two meetings on 19 October, 2010, thereby putting Plaintiff in harm's way and in danger of bodily harm.

Mr. Shaw was the director of the CASAT program and responsible to insure that his officers follow procedures and the Law, which was openly discussed and violated.

Mrs. Wheeler was the officer in charge of the J-2 unit and after having discussed Plaintiff's privileged, confidential medical information with others, informed Plaintiff not to attend the meetings on the 19th of October.  Mrs. Wheeler was also involved with others in the subsequent cover-up of those illegal actions and events.

PRAYER FOR RELIEF

25.   WHEREFORE, Plaintiff prays that this Court grant the relief:

## RELIEF

Due to the above stated action of medical staff,CASAT Employee,
officer and the subsequent injuries,Plaintiff Respectfully
Requests this court to grant the following relief:

1) State of New York  Correctional services shall provide
adquate guidance and training and to insure that policies and
laws  are adhered to in its facilities.Monetary compensation
is to be $500.000.00 from the state of new york correctional
services.

2)Defendant Wyoming Correctional Facility violated its own laws
and policies.its staff ignored proper procedure and indulged
in cover ups which resulted in serious constitutional violations.
Plaintiff Respectfully moves this court to impose MOnetary
Compensation in the amount of $500.000.00

3)Defendant DR.Shiekh failed to provide medical attention at
the urgent level to a life threatening Disease.Due to his
immediate intervention he allowed for more violation of Plaintiff
Costitutional Rights.Plaintiffs was needlessly placed in the
special housing unit and committed to total isolation instead
of being treated in an infirmary around a medical environment.
Plaintiff Respectfully asks this court  to impose punitive damage
in the amount of $500.000.00

4)Defendant,Greg Mohing who,as a nurse administrator  violated
the HIPPA Law by disclosing confidential medical records with
staff and other INMates without prior consent of plaintiff.
this action resulted in serious threats by inmates against
plaintiff.this action also resulted in plaintiff immediate and
unwarranted placement in the special housing unit in clear cruel
and unusual punishment.Plaint prays that the court impose
punitive damages in the amount of $500.000.00.

5)Defendant Cheryl Sullivan shall be reprimanded or terminated
as CASAT counselor,and be required to pay damages in the amount
of $500.000.00 for her willful,intentional and egregious
violations of plaintiffs constitutional rights.

6)Defendant Mr.Shaw shall be reprimanded or terminated as CASAT
Director and required to pay punitive damages of $500.000.00
for his willful intentional and egregious violation of plaintiffs
constitutional rights.

7)Defendant Ms Wheeler shall be reprimanded or terminated as
a correction officer and be required to pay punitive damages
in the  amount of $500.000.00 for her willful intentional and
egregious violation of plaintiffs constitutional rights.

8) Grant any other and further relief that this court deems
just and proper.

I declare under penalty of perjury that the foregoing is true
and correct. Respectfully submitted and signed this 11 . day
of April 2012.

_Andre Cantey_
ANDRE CANTEY

4 - 11        2012

_Kris_
NOTARY PUBLIC

KATHLEEN A GRADY
NOTARY PUBLIC STATE OF NEW YORK
ALBANY COUNTY
LIC. #01GR6040083
COMM. EXP. ___6/24/2014___

During Group Meeting, Ms. Sullivan told us that you have MRSA and that it is Highly Contagious to Pack your Shit up and Ask the C.O to Remove you From this Dorm or We will Remove you by Force.

( EXhibits,1)

Ms Sullivan told us that you are infected with mrsa. We don't want to catch mrsa, Pack your shit up and tell the CO you can't live in this Dorm or you will have a problem.

(EXhibiTs, 2)

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONAL SERVICES**

NAME _Cantey. Andre_ DIN _10A1516_
(Nombre)

FACILITY ___WYOMING___ CELL LOCATION _5nw27_
(Institucion) (Ubicacion de la Celda)

### DIAGNOSTIC TESTING NOTIFICATION
### (NOTIFICACION DE PRUEBA DE DIAGNOSTICO)

REVIEWED BY: Dr. dePerio   Dr. Shiekh   Dr. Bozer   D. Graf, RPA   DATE _____
(Revisado por)        (name)                                    (Fecha)   (MM/DD/YY)

**THIS IS TO INFORM YOU THAT THE RESULTS OF THE TESTING CHECKED BELOW:**
(Sirva este para informarle que los resultados de la prueba identificada a continuacion)

X-RAY ___     LAB TESTING _✓_        OTHER _____
(Rayos-X)    (Prueba de Laboratorio)   (Otro)

PERFORMED ON _11-15-10_ WERE REVIEWED BY A PRIMARY CARE PROVIDER.
(Ejecutada en)   (date/fecha)      (la reviso un professional del cuidado primario.)

_✓_ NO ACTION IS REQUIRED AT THIS TIME.
     (No se exige accion en este momento.)

_____ REPORT TO SICK CALL
     (Reportese a Cita por Enfermedad.)

_____ FOLLOW UP WILL BE ARRANGED WITH A PRIMARY PROVIDER.
     (Se haran arreglos para seguimiento con un professional del cuidado primario.)

_____ FOLLOW UP WILL BE ARRANGED WITH A SPECIALIST.
     (Se haran arreglos con un especialista.)

DO NOT FILE IN AHR
(No archive en el AHR)

(12/2008)

From: Andre Cantey # 82988-054 STATE 10AISA

To: Inmate Grievance Clerk. Mr Webber

Date: 3/6/11

Re: Grievance Information

Dear
      Mr Webber

        I was release in December 10,
2010. I filed several Grievances 10/3/10
and they was answer. I appeal
my Grievance to C.O.R.C. Can
you send all of my Grievance
Information to this address.
# Andre Cantey # 82988-054 Metropolitan
Detention Center P.O. Box 329002,
Brooklyn, New York 11232

                        Your truly
                        Andre Cantey


C.C.

6689

№ 15509

# Inmate Grievance Form

On October 18, 2010 I came back from a 8:30 in the Morning doctor call out. the Doctor told me That I have what is call Mersa. Ms Sullivan is my drug treatment casat counselor on J-2 Dorm. I went into her office and ask Ms Sullivan can I speak to her in private, And Ms Sullivan said Yes. I told, Ms Sullivan That I caught a infection in my Left Leg. the Reason I Told her my Medical problem because for the last five to six day my Leg was bleeding and Pruss coming out durning group meeting, Because I had to Constanly change my dressing. And I want her to know that why I had to keep removing myself from the group. Because once group meeting start nobody is aloud back on the dorn unless you are getting toilet paper to use in the bathroom. On the next Morning of October 19, 2010 Approximately 8:00 Before group start. Ms. Wheeler the J-2 Dorm officer told me not to attend the group meeting, Because Ms Sullivan want to address the morning group about what Medical told her about Mersa, my medical condition Ms Wheeler give me a direct order to stay in my cube unto the 9:15 Break, when break in done I can attend the group meeting. Ms Wheeler told me That Ms Sullivan doesn't want me there to hear what She has to said about my Medical condition Because She know it Voilate the Hip Law.

7069

#15509

When group started without me, I acted like I was using the toilet in the Bathroom. I was Listening to Bite and pieces of what Ms Sullivan was explaining to the group. Ms Sullivan Started off by saiding, that She call Medical and Medical told her that I had what is call Mersa. And Medical told her that it is a Highly contagious infection, As long is my womb cover the Inmate cannot catch Catch it. Ms Sullivan told the group try not to Shower in the same area I shower in, and try not to use the same sink and toilet I use without disinfect the area I use in the Bathroom. Because it is Highly contagious and we all can catch. Ms Sullivan said I don't care if I'm breaking the Hip law, Because I don't want you and my Staff to catch Mersa. And She told the group that She try to Call Superintendent Deputy of Security, Director of Casat Ms Shaw Medical and Central office in Albany and nobody would help her remove me from the Dorm. By Ms Sullivan revealing my Medical Condition with out my permission made the Inmates and staff fear for the Health. Now By Ms Sullivan explain to Both Casat groups, the Morning group and the Afternoon group. And the Administra tor or Medical wouldn't remove me from the dorm. Because Inmate fear that

they would catch Mersa from me. When the Afternoon group was finish and I came back from using the Bathroom, a threaten letter was drop on my Bed. And the letter Stated that If I'm not remove from this dorm, I will get hurt. And Security also recieve letters from the Inmates in the dorm. Stating to conflicted harm if I'm not remove. The Captain was call to the dorm And they call the officer Deputy of Security and the SGT came and place me in Protective Custody Status. This is because Ms. Sullivan Told the Casat community if I stay on the dorm, that I will infect the Inmate and Staff. She put my safety in Danger.

Date 10/31/31 Sign x Andre Cantey

Action Requested By Inmate

I'm Requesting that a few Inmates be interview in private without Ms Sullivan and Ms Wheeler or anybody from the Casat Staff. Bed number are 38B, 38T, 39T, 40T, 29B, 30B, 6B, 7B, 34B, 16B, 17B, 12B, 24B, 22B. I do not want no verbal or psical relation on them. Just interview them and ask them what was being talk about on October 19, 2010

AND AFTERNOON

at 8:15 to 9:15 And Ask Them why Ms
Cantey wasn't allow to attend the group
that time. And Please Stress to them that
nothing will happen to them, that everything
to be said here in Confidence. And I want
to know why I wasn't allow to attend the
morning group at 8:15 to 9:15 I want to
know what was said about me. or Me in
Group. far as my medical. I want Ms Sullwa
I question about the group discussion at
8:15 to 9:15 ask her why she didn't want me
there. And ask Ms Wheeler who Ideal was it
for me not to attend the group meeting on
October 19, 2010 at 8:15 and why I wasn't
allow to attend the meeting

# Inmate Grievance Form

#15509

On and about 3½ week, I went to sick call because, I had a Bump on my Left Leg it was hurting and it was Bleeding. I saw the nurse and she told me it was a spider Bite, She give me some aspirins and sent me back to the dorm. The next few days The Bump got Bigger and more Blood was coming out of the womb and Puss to. I went back to sick call and show the nurse my Leg and she told me it was Mersa. And put me on the call-out later that day to see the Doctor. I seen the Doctor a few hours later and He didn't tell me what it was, He put me on AntiBotic for seven days and give me a few Bandage and send me back. And He took a DNA test from Leg and send it to the Lab. He didnot give me nothing to clean the open womb out just some Bandage. Next week I came back to his office and Doctor Confirmed I have Mersa. He told me to keep Taking the Antilotic and let the nurse staff change my dressing once the Doctor discover that I had Mersa. He should had Isolated me Immeately. But He send me back to the dorm. I should had been put in Isolation soon as He discover I had Mersa. The Medical put everybody at risk of catch Mersa from me. Mersa is

ighly Contagious Disease and it can
ansfer from person to person.

Date 10/31/10

Sign X Andre Cantey

Action Request Inmate

Next time they come in contact with
somebody with mersa, the Should Isolate
them Soon as they discover, Don't wait
to everybody catch it.

6 1550g

3o

# Inmate Grievance Form

I caught Mersa while being at Wyoming orr facility, I told my Casat Counselor Ms. Sullivan and she call Medical department and they give her my Medical information to her and other Inmates. Ms Sullivan disscuss my Medical Condition to the Casat Community. And they went to Medical and ask Medical what is mersa. And the Nurse Adminstor told what it is and that I have it. Medical shouldn't disclosed my medical condition to nobody without my permission. Date 10/31/10

X Sign Andre Cantey
#10A1516

Action Request By Inmate

I will appricate if they did not reveal my Medical Condition to nobody without my permission

Inmate Grievance Complaint

Wyoming Corr Facility

GRIEVANCE NO

Date 11/16

Name Andre Cantey Dept NO. 10A1516 Housing unit SHU

My Constitutional rights are being violated Under Cruel and punishment. Because of my casat counselor Ms Sullivan told my Medical Condition without my permission. By Ms Sullivan telling the casat community that I have ~~I have~~ Mersa, Inmates got afraid for they health and drop threaten letters to me and Security. I was place in Protective Custode in the Special Housing unit getting treated like a disciplinary Inmate who broken the rules and regulation of facility. I know it Security duty to house a Inmate who safety was threaten. But why should I have to stay in the Special Housing unit over 30 day. Inmate who have disciplinary transfer donot stay in the ~~Spe~~ Special Housing unit over 30 day. I didnot ~~take~~ break the rule and regulation of the facility. If the D.O.C.S is not going to place me back in Casat, send me back to the jail I came from. I didnot come to wyoming corr facility to be house in the Special Housing unit and be subject to the same treatment as disciplinary Inmate. I came to wyoming for Casat not the Specail Housing unit.

X Andre Cantey

Action Requested By ~~the~~ Inmate: (SEE ATTACH)
C.C.                                          Sheet

I feel because I caught Mersa at wyoming and I went to Isolation for ten day. And the infection is gone. I should had be immciatey transfer. And not stay about three week in the special houseing Unit.

C.C.

TRULINCS  82988054 - CANTEY, ANDRE - Unit: BRO-J-B

-------------------------------------------------------------------------------------------------------

FROM: 82988054
TO:
SUBJECT:
DATE: 5/9/2011 5:54:40 PM

Andre Cantey #82988-054
MDC Brooklyn
P.O.BOX 329002
Brooklyn, New York 11232

Monday May 9, 2011

> Jeff Weber, Inmate grievance program supervisor.
> Wyoming correctional facility

Subject: CORC Decisions release

Dear Mr. Weber,

I sent you letters several times requesting all my CORC decisions. So far, you only sent me 15524-10. As you already know, I filed others grievances: One pertaining to medical staff and medical malpractice; another about unsanitary conditions at your facility where I contracted MRSA infection; and another about medical staff and counselor Sullivan who revealed my medical information to inmates and therefore jeopardized my safety.
I need all those decisions so I can proceed with appeals and lawsuits. Without them My hands are tight.
A copy of this letter will be preserved as part of future exhibits in a court of law.
Your cooperation in this matter is appreciated.
My sincere regards.


Andre Cantey.

x *Andre Cantey*

*[signature]* 5/10/11

NICOLE E. CHISHOLM
NOTARY PUBLIC STATE OF NEW YORK
No. 01CH6227509
Qualified in Kings County
My Commission Expires August 30, 2014

Dear
   Sir/Madam

   Before I was place in the Protective Custody and place in the Shu. I file a complaint on Ms Sullivan about her ~~see~~ revealing my medical condition to the I-2-Dorm casat Community. I file The Complaint on October 9, 2010 Before I was house in The Special Housing Unit, I drop a Grievance Complaint on Ms Sullivan. ~~see to~~. I will Appreecate If my Grievance was file. Because I ~~want~~ I hear on the Grievance I file on october 9, 2010.

Your Truely
Andre Cantey
#10A1516

SM

"15509

State of New York Department of Correctional Service

Grievance Form

Wyoming Corr Facility                                    Date 11/16/10

Andre Cantey          10A1516          Housing Unit Shu#97

Department of Correctional Service and the administration at Wyoming Corr facility is in violation of a court order. I'm court order Casat. I was remove because of Health and Safety issues. My Health is better, because I caught Mora at Wyoming corr facility and I told my Casat counselor Ms Sullivan and she told other Inmate in the Casat Housing area. Inmate get afraid for they Health and drop threaten letters to Security. and I was place in Protective Custody in the Shu. I spoke to the Special Housing Unit Counselor and She told me to hang in there. What I'm saying if I can't go back to Casat of Wyoming, Why Can DOCS Send me to a another Casat facility. I didn't get removed because disciplinary reason. Because of Medical and the threaten of other Inmates the Courts order Casat at My sentence. I been in the Special Housing Unit for 30day. And DOC can send me to another Casat. The Counselor told me because of the Holiday I couldn't be move. That was last week. I still didn't get transfer this week. The Department of Correctional Service and the administration is responsible to follow the Courtorder.

                                              X Andre Cantey

Request Action.
                That Department of Correctional
ice And the administration at Wyoming corr facility

## Inmate Grievance Complaint

GRIEVANCE NO.
No 15524

## Wyoming Corr facility

Andre Cantey   Dept No. 10A1516   Shy #27   11/8/10

## Program Casat A. M.

While at Wyoming corr facility, I caught
what is call mera. A Staff infection for being
house in a unsanitary dorm. J-Dorm was not
being properly clean. The only time J-2 Dorm was
properly clean when the inspection team came
through. Otherwise the dorm J-2 is very unsanitary
the Bathroom, rec room, the Dorm area is very
unsanitary. That why I caught a bacteria
infection call Mersa in my left leg. And I had
to be place in the Isolation room at attica.
the Doctor told me, You catch mersa from
a unsanitary facility Meaning my Dorm.

X Andre Cantey

Grievance Clerk _____   Date NOV 15 2010

Advisor requested ☐ yes ☐ no

Action requested by inmate: That I be transfe
to another prison.

## Inmate Grievance form

## WYoming Corr Facility

Andre Cantey   #10A1516   shu Cell #27   Date 11/22/10

Nov 2, 2010 I went to the Medical Department and the Doctor Clear me to get transfer to another Casat facility. The Counselor that work in the Shu told me that my transfer was approved on eight of November. Because I'm court order Casat, She told me this last week. And I havn't Left I'm under Protective Custody Status Directive 4948 I should had been transfer to Facilites where I can programmed in general population. When the Counselor came back to the Shu. She told me that I might not get transfer because me C. R. date is comming up in 3 week Directive 4948 doesn't State what time you have to go to another Facility. I donot want to stay in the Shu no more. Albany or this Facility is in Violation of Directive 4948 for not moving me to another Casat Facility          11/22/10

№ 15533

X Andre Cantey

Action Request By Inmate

NOV 22 2010

I don't care how much time I get Left I want to get out of this Facility or the Shu

363

## Inmate Grievance Form

### Wyoming corr facility   Date 11/22/10

Andre Cantey      # 10A1516      Housing Unit Shu # 217

My Constitutional rights are being violated under Cruel and Unusal punishment and intentional inflicted of emotional stress I'm Court order Casat. I have a Health and Medical issue, I heal up. I was place in Shu Because threaten Because of my Medical I'm fine now. Now I'm being denied program the only reason I was transfer from Mt McGregor to Wyoming is Because I'm court order Casat. I don't feel its fair that I be denial Casat program. If I can't do Casat here send me some were else. I want to do my Program.

                              X Andre Cantey
                                          11/22/10

Action Requested by Inmate.

NOV 22 2010

I don't want to be in the Shu. Send me to Another Casat Prison.

№ 15533

| State of New York | GRIEVANCE NO. WYO-15533-10 | DATE FILED: November 22, 2010 |
|---|---|---|
| Department of | FACILITY: Wyoming Correctional Facility | POLICY DESIGNATION: I |
| Correctional Services | TITLE OF GRIEVANCE: Wants out of SHU & transfer to another CASAT CF… | CLASS CODE: 46 |
| **INMATE GRIEVANCE PROGRAM** | SUPERINTENDENT'S SIGNATURE | DATE: December 7, 2010 |
| GRIEVANT: Andre Cantey | DIN: 10-A-1516 | HOUSING UNIT: SHU/C-27 |

Grievance Accepted only to the extent that I sustain J. C…Sr. CC, response as stated.

You signed into VOLUNTARY PROTECTIVE CUSTODY on October 21, 2010 and a transfer was approved on November 8, 2010 and is pending placement by DOCS-Central Office.  You will be transferred when a transfer has been received.

RECEIVED

DEC - 7 2010

WYOMING CF
EXECUTIVE OFFICES

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.  You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.:

The SgT. Told me That I can be place in Voluntary Protective Custody without my permission because of the threaten letters that security recieve from the Inmates. If I didnot signed into Protective Custody I will recieve a Misbehavior report

Andre Cantey                                    12/9/10
_____                    _____
Grievant's Signature                              Date

_____                    _____
Grievance Clerk's Signature                       Date

TO:        **Andre CANTEY  10A1516  SHU C/27**

FROM:      *Jeff Weber.  SUPERVISOR*
           *INMATE GRIEVANCE PROGRAM*
           **WYOMING CORRECTIONAL FACILITY**

DATE:      November 9, 2010

SUBJECT:   Your letter, dated 11/7/2010...

*In response to your inquiry concerning your grievance,  WYO-15509-10  (9 pg. complaint) was filed on 11/3/2010 and scheduled For an IGRC Hearing today.  I will forward **two copies** of your Grievance and IGRC Decision shortly.*

*Any further questions and/or concerns.  please feel free and contact me.*

*c:   file*



STATE OF NEW YORK
**DEPARTMENT OF CORRECTIONAL SERVICES**
THE HARRIMAN STATE CAMPUS – BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

**BRIAN FISCHER**
COMMISSIONER

CARL J. KOENIGSMANN, M.D.
DEPUTY COMMISSIONER/
CHIEF MEDICAL OFFICER

November 23, 2010

Andre Cantey, 10A1516
Wyoming Correctional Facility
PO Box 501
Attica, NY 14011

Dear Mr. Cantey:

Dr. Koenigsmann has asked me to respond to your recent letter regarding your medical concerns.

The Division of Health Services has investigated your concerns with the health services staff at Wyoming Correctional Facility. I have been advised by the Nurse Administrator that you have been evaluated by your primary care provider. The policies are located in the Law Library which you may access. Tuberculosis and MRSA are two different diseases and handled differently. MRSA is not always isolated if it can be contained with a dressing. Please be advised that your allegations regarding the medical health care staff can not be substantiated. I encourage you to discuss your concerns with your primary care provider at your next appointment.

It is suggested that you continue to bring your medical concerns to the attention of the health care staff using the existing sick call procedure. I am sure that they will make every effort to address your needs.

Sincerely,

*Eileen DiNisio*

Eileen DiNisio
Regional Health Services Administrator

ERD/tlk

cc: FHSD, Wyoming Correctional Facility

TO:        Andre CANTEY  #82988-054
           METROPOLITAN DETENTION CENTER
           Brooklyn, NY  11232

FROM:      *Jeff Weber.*  Supervisor
           Inmate Grievance Program
           **WYOMING CORRECTIONAL FACILITY**

DATE:      April 21, 2011

SUBJECT:   Your letter, 4/17/2011….
In response to your inquiry regarding WYO-15524-10…By your own admission I
forwarded (and you received) the CORC Decision.  However, I am forwarding
you another copy – one page free of charge.

c:  *Dir IGPl Reg. Coordinator IGP*
    *Supt*
    *file*

| | State of New York | GRIEVANCE NO. WYO-15509-10 | DATE FILED:  November 3, 2010 |
|---|---|---|---|
| | Department of | FACILITY: Wyoming Correctional Facility | POLICY DESIGNATION: I |
| | Correctional Services | TITLE OF GRIEVANCE:  Feels Medical & CC staff have treated you improperly… | CLASS CODE:  22 |
| | INMATE GRIEVANCE PROGRAM | SUPERINTENDENT'S SIGNATURE | DATE:  November 24, 2010 |
| GRIEVANT:  Andre Cantey | | DIN:  10-A-1516 | HOUSING UNIT:   SHU-C/27 |

Grievance Denied.

I had this matter thoroughly investigated by G. M…NA, and R. S…Sr. CC, and cannot find any merit to your grievance.

C. S…ASAT PA, and CO W…have gone on record refuting your grievance.

All of your medical issues were properly addressed by our Health Services staff.  At no time did C. S… ASAT PA, discuss your medical issues with inmates.

RECEIVED

NOV 2 4 2010

WYOMING CF
EXECUTIVE OFFICES

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.  You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.:

_____

_____

_____

_____          _____
Grievant's Signature                                                    Date

_____          _____
Grievance Clerk's Signature                                           Date

| | State of New York | GRIEVANCE NO. WYO-15524-10 | DATE FILED: November 15, 2010 |
|---|---|---|---|
| | Department of | FACILITY: Wyoming Correctional Facility | POLICY DESIGNATION: |
| | Correctional Services | TITLE OF GRIEVANCE: Feels J-2 Dorm is unsanitary… | CLASS CODE: 23 |
| | INMATE GRIEVANCE PROGRAM | SUPERINTENDENT'S SIGNATURE _RCough DSS acting Supt_ | DATE: November 30, 2010 |
| GRIEVANT: Andre Cantey | | DIN: 10-A-1516 | HOUSING UNIT: SHU/C-27 |

Grievance Denied.

I had this matter thoroughly investigated by Sgt. S…and cannot find any merit to your grievance.

There has been no evidence to substantiate your allegations that J-2 Dormitory was not cleaned properly.

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.  You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.:

I Caught a bacteri infection in my left leg, do to the Unsanitary condition of the Dorm and the facility. Messa is contacted through Unsanitary Condition at the facility. The Dorm wasnt properly clean.

Andre Cantey                                                          12 | 1 | 10
_____                        _____
Grievant's Signature                                                      Date


_____                        _____
Grievance Clerk's Signature                                        Date

**RESPONSE OF IGRC:**          Grievance denied, based on the investigation.


WYO-      15524-10


Date returned to inmate: _____  **11/23/10 IGRC MEMBERS:**   Sgt. Barnhart

Chairperson: _____ Davis    04B0836          CC, Warner

Ronald JACKSON  06B1098

Gregory LOYD  08B0509

---

| | I disagree with the IGRC Response and wish to appeal to the SUPERINTENDENT. | | I reviewed the deadlocked responses.  PASS-THROUGH to SUPERINTENDENT. |

| | I agree with the IGRC Response and wish to appeal to the SUPERINTENDENT. | | I apply to the IGP SUPERVISOR for review of dismissal. |

Grievant's Signature: _____    Date: _____

IGRC Clerk's Signature: _____    Date: _____

---

**To be completed by Grievance Clerk:**

Grievance appealed to the SUPERINTENDENT:          _____
                                                          DATE


Grievance forwarded to the SUPERINTENDENT for action:          _____
                                                                      DATE

To: Jeff Welber Supervisor Inmate Grievance Programs

From: Andre Cantey #82988-054

Date: 4/17/11

RE: I didnot get all of My C.O.R. Decision

Dear Mr. Welber

I wrote you a letter about 2 week ago about, THAT I didnot recieve all my CORC Desision. October 31, 2010 I have several Grievance of different issue and I recieve a response to all of the Grievance file. I appeal all of my Grievance to the CORC. You only send me copy of one Desision WYO 15524-10. I will Appreciate if you can forward Me all of my C.O.R.C Desision.

Respectfully,
Andrecantey

C.C.: File

4/17/11

**A N D R E   C A N T E Y**
Reg. No. 82988-054
METROPOLITAN DETENTION CENTER
P.O. Box 329002
Brooklyn, N.Y. 11232

<u>BY LEGAL MAIL</u>

TO      :   **Inmate Grievance  -Mr. Webber-.**
            **Wyoming Correctional Facility - Attica, New York.**

From    :   Andre Cantey

Date    :   March 6th, 2011

Re      :   Grievance Information

Dear **Mr Webber:**

      I was released in December 10, 2010. I filed several grievances 10/31/10
and they was answer. I appeal my grievance to **C.O.R.C.**; can you send all of
my grievances information to the above address?

      Thank you very much for your attention in this matter.

                                    Respectfully,

                                    Andre Cantey

                                    **Andre Cantey**

Cc: File

# WYOMING CORRECTIONAL FACILITY
**************************************************************

TO:         **Andre CANTEY  #82988-054**

           **MDC Brooklyn**
           **PO BOX  329002**
           **Brooklyn, NY  11232**


FROM:     Jeff Weber.  Supervisor
           Inmate Grievance Program
           **WYOMING CORRECTIONAL FACILITY**

DATE:      May 16,  2011

SUBJECT:     Your letter, 5/9/2011....
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

In response to your inquiry, I have responded to all of your inquiries, as well as forwarded **all** CORC Decisions, including WYO-15524-10, to you accordingly. Additionally,  you did **not** mention a **timeframe** that you maybe concerned about regarding any alleged grievances you may have filed while here.  If you would be more specific with your inquiry, I will be able to respond more adequately.

Any further questions and/or concerns, please continue and feel free and contact me.


c:  Dir.  IGP/Reg. Coord. IGP
    Supt.
    File

November 29, 2010

Andre Pantey,
Inmate no. 10A1516
W. Wyoming Correctional Facility
P.O. 501
Attica, New York 14011-0501

Honorable Judge Hellerstein

RE: Pantey v The State of New York        11/29/10
Civil Action No: 10 CV 6139

Dear
   V. Noriega

       I'm writing the Pro Se office and asking can
I have some additional time, So I can file a
Amended Complaint, I have New information
and More Defendant, I need to serte with
a Amended Complaint and a Amended summons.
The Reasoning I didn't write sooner is because
I was in the hospital. I caught Mersa while
at this Facility. I was place in the Isolation
room. And from the Isolation room, Security
place me in the Special Housing to Unit
Because I was recieving threaten letters from
Inmates at this Facility, By me being in
the Special Housing Unit is real hard to

I can have is very limit. When I was in the Isolation room I couldn't recieve no mail at all. I just recieved the answer on November 17, 2010, and I'm still in the special Housing Unit. I'm asking your office can I get some additional time to Amended My Complaint. I need some Amended Complaint form and some Amended summons And some Application for appointment of counsel. My release from the Department of Correction is December 10, 2010. I will be place in federal Custody. I have a Violation of Probation in Charles L. Brieant Jr. Federal Courthouse in White Plains. So I will be in federal Custody 12/10/10. I will inform your office soon as I get there.

Your truly,
Andre Lantey
#10 A1516

C. C.:

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number WYO-15524-10 | Desig./Code I/23 | Date Filed 11/15/10 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Wyoming Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Feels J/2 Dormitory Is Unsanitary | | |

1/26/11

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the housing units are cleaned on a daily basis and are inspected by the Executive team bi-weekly.   CORC asserts that sufficient evidence has not been presented to substantiate that the grievant contracted MRSA as a result of unsanitary conditions on the housing unit, and that he was properly treated by medical staff.

CORC notes that the grievant has been released from DOCS custody.

JD/dz

--------------------------------------------------------------------------------------------------------------------------

--------------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

FREEDOM OF INFORMATION/PRIVACY ACT
REQUEST ACT OF 1974

Department of Justice

TO: Civil Division
Freedom of Information
Room 808, 901 E Street, N.W
Washington, DC 20530-0001

FROM: Andre Cantey
State# 10A1516 At Wyoming
Federal #82988-054, MDC Brooklyn
P.O. Box 329002, Brooklyn, NY 11232

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

I AM Filing this Request For Related documents
OF All Administrative Remedy Procedure Response
And Request. I WAS Confined At Wyoming
Correctional Facility; P.O. Box 501, Attica
New York 14011. July 16, 2010 to December 10,
2010             (SEE Attachment)
I Filed Several Grievances on October #31, 2010.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 5/2/11                    Sumitted by: Andre Cantey
                                              Requester

Sworn and subscribed before me this 2 day of May, 2011. I, the Federal Prison Case Manager of the above named person, verify that the above person appeared before me and is who he/she claims to be.

Received
MAY 20 2011
FOIA/PA Section
Federal Bureau of Prison

NOTARY PUBLIC STATE OF NEW YORK
No. 01_____509
Qualified in _____ County
My Commission Expires _____ 30, 2014

Case Manager/Notary Public    5/2/11

Attached Page

I AM Requesting the Following :

1). Copy OF All INMATE GRIEVANCE's complAINT Filed By Me.

2) COPY OF All ANSWERS, And MEMORANDUMS RelAted to COMPLAINTS. I Filed on October 31, 2010.

3) Copy OF Appeal's to SUPERINTENDENT, And superintendent RESPONSE.

4) Copy OF Medical File Related to My GRIEVANCE COMPLAINT.

5) Copy OF Administrative Segregation order, And And Reviews.



**U.S. Department of Justice**          **Certification of Identity**          

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC  20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1]   *Andre CANTEY*

Citizenship Status [2]   *CITIZEN*          Social Security Number [3]   *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*

Current Address   *M.D.C BROOKLYN, P.O. Box 329002 BROOKLYN, NY  ZIP 11.232*

Date of Birth   *7/4/69*          Place of Birth   *NEW YORK CITY*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   *Andre Cantey*          Date   *5/3/11*

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

---

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM 2131 E (5/88) State of New York Department of Correctional Service

## Inmate Grievance Complaint

NYS DEPT OF
CORRECTIONAL SERVICES

NOV 1 2 2010

RECEIVED
INMATE GRIEVANCE

GRIEVANCE NO.

NYS Dept of Correctional Services
RECEIVED

NOV 10 2010

Commissioner's Office

Wyoming Corr Facility

Date 11/7/10

Name Andre Cantey        Dept No. JCA1516        Housing Unit SHU

Program Casat A.M.

Description of Problem: My Casat drug treatment Counselor, Ms Sullivan violated my constitutional privacy Rights Bc revealing medical information. Told Ms Sullivan in confidentiality. On the Morning of October 18, 2010 approximately 10:00 am I came back from a doctor call out, and the doctor told me that I was diagnosis with mrsa, a staff infection I caught at Wyoming Corr Facility from the unsanitary Prison Condition. I went to Ms Sullivan, who is my Casat drug treatment counselor, and ask could I speak to her in private, And Ms Sullivan said yes come in my office. I told Ms Sullivan that I have a Bad infection in my left leg. Reason I told my counselor Because she is the one who give the group meeting in the morning. Because several days I had to leave group meeting to Change the dressing on the wound Because of Heavy Bleeding and pus coming out. I did it alot during group meeting. Because Ms Sullivan explained during group meeting we are not allow to return to the Dorm, once group start

(SEE ATTACH Sheet)